## PHILIP F. WIELER II *v.* COMMISSIONER OF CORRECTION
### (AC 16403)

Landau, Spear and Hennessy, Js.

Argued September 16—officially released October 21, 1997

*John R. Williams,* for the appellant (petitioner).

*Ronald G. Weller,* assistant state's attorney, with whom, n the brief, were *Patricia Swords,* state's attorney, and *Christopher Alexy,* assistant state's attorney, for the appellee (respondent).

### Opinion

LANDAU, J. The petitioner appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly (1) denied his petition

for certification to this court and (2) dismissed his claim of ineffective assistance of counsel.

Having reviewed the record and briefs and having heard from the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 186–89, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99–100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissal of the petition was predicated on a factual review of the petitioner's claims that his attorney failed (1) to inform him as to the essential elements of the crime of embezzlement, (2) to advise him that he had no factual or legal defenses to the charges against him, (3) to engage in plea bargaining as intensively as possible and (4) to advise him adequately to accept the plea offer.[1]

The habeas court did not credit the petitioner's testimony and specifically found that he had failed to sustain his burden of proving that counsel's performance was deficient and that the petitioner suffered actual prejudice. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The trial court found that the attorney's representation did not fall below an objective standard of reasonableness. See id., 688. Further, the court was unpersuaded, after an evidentiary hearing, that the result of the proceeding would

---

[1] The habeas court did restore the petitioner's right to request sentence review by the sentence review division of the Superior Court.

have been different but for the attorney's belief as to the elements of the crime of embezzlement.[2] See id., 694.

" 'This court does not retry the case or evaluate the credibility of the witnesses.' *State* v. *Amarillo*, [198 Conn. 285, 289, 503 A.2d 146 (1986)]." *State* v. *Taylor*, 23 Conn. App. 426, 429, 580 A.2d 1004 (1990). " 'Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . .' *State* v. *Mejia*, [233 Conn. 215, 224, 658 A.2d 571 (1995)]." *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). "In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) *Clarke* v. *Commissioner of Correction*, 43 Conn. App. 374, 386, 682 A.2d 618, cert. granted on other grounds, 239 Conn. 945, 686 A.2d 120 (1996).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[2] The court stated in its memorandum of decision that it found "some irony in a habeas claim brought by a petitioner who rejects his counsel's advice to plead guilty, is then found guilty following a fair trial, and who later brings a claim asserting, in essence, that he relied on his counsel's erroneous view of the law in rejecting his counsel's advice." The court further stated that "the court does not find that the petitioner has proven by credible evidence that he would have followed his lawyer's advice and entered a guilty plea but for [his attorney's] erroneous view of the law of larceny."