## VINCENT COLON v. COMMISSIONER OF CORRECTION
### (AC 19004)

Lavery, Landau and Dupont, Js.

Argued September 22—officially released November 16, 1999

*Todd A. Edgington,* assistant public defender, for the appellant (petitioner).

"Q. Do you think that [the defendant] touched your pee-pee only two times or more than two times?

"A. Two.

"A. Um hmm.

*Frederick W. Fawcett,* senior assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict,* state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, Vincent Colon, appeals from the judgment dismissing his habeas corpus petition and denying his petition for certification to appeal.[1] On appeal, the petitioner claims that the habeas court improperly (1) denied his petition for certification to appeal, (2) found that the petitioner's trial attorney provided effective assistance of counsel and (3) failed to apply the standard required under *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), in reaching its conclusion that the petitioner was not denied effective assistance of counsel. We affirm the habeas court's judgment and dismiss the appeal.

The following facts are pertinent to this appeal. The petitioner was charged with one count of murder in violation of General Statutes § 53a-54a (a).[2] The petitioner was convicted on July 10, 1990, following a jury trial, of the lesser included offense of manslaughter in

---

[1] In *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994), our Supreme Court established that a petitioner may appeal from a habeas court's denial of his request for certification to appeal the denial of his request for a writ of habeas corpus.

[2] General Statutes § 53a-54a (a) provides: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

the first degree in violation of General Statutes § 53a-55 (a) (1).[3] The conviction was upheld by this court. See *State* v. *Colon*, 28 Conn. App. 231, 611 A.2d 902, cert. denied, 223 Conn. 922, 614 A.2d 827 (1992). The petitioner, thereafter, filed a petition for a writ of habeas corpus, which the habeas court dismissed after a hearing. The habeas court also denied the petitioner's petition for certification to appeal. This appeal followed.

The habeas court's dismissal of the petition for a writ of habeas corpus was predicated on a factual review of the petitioner's claim and a determination that he had not proved that his counsel's performance was deficient pursuant to *Strickland* v. *Washington*, supra, 466 U.S. 668. See also *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 153, 662 A.2d 718 (1995). The habeas court specifically found that the petitioner had received effective assistance of counsel.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given

[3] General Statutes § 53a-55 (a) provides in relevant part: "A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person . . . ."

to their specific testimony." (Citations omitted; internal quotation marks omitted.) *Wieler* v. *Commissioner of Correction,* 47 Conn. App. 59, 61, 702 A.2d 1195, cert. denied, 243 Conn. 957, 704 A.2d 806 (1997).

After a thorough review of the record and briefs and consideration of the oral arguments, we conclude that the petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right and, further, that he has failed to sustain his burden of persuasion that the denial of certification to appeal the dismissal of his habeas corpus petition was a clear abuse of discretion or that an injustice was done. See *Simms* v. *Warden,* supra, 230 Conn. 612; *Simms* v. *Warden,* 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction,* 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We agree with the habeas court's decision to cite, in its thorough and well analyzed memorandum of decision, the following statement from *Strickland* v. *Washington,* supra, 466 U.S. 689: "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." We hold, therefore, that the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal or dismissing his habeas corpus petition.

The appeal is dismissed.