ISIDRO RIVERA, JR. *v.* COMMISSIONER OF
CORRECTION
(AC 19062)

Foti, Landau and Spear, Js.

Argued February 14—officially released April 18, 2000

---

[6] See part II of this opinion.

*David B. Rozwaski,* for the appellant (petitioner).

*Linda N. Howe,* assistant state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, Isidro Rivera, Jr., appeals from the judgment rendered by the habeas court denying his petition for a writ of habeas corpus. The petitioner challenges that court's denial of his petition for certification to appeal to this court. The petitioner claimed in his petition for a writ of habeas corpus that he was denied the effective assistance of trial and appellate counsel.

To obtain appellate review of the dismissal of a petition for habeas corpus after the habeas court has denied a petition for certification to appeal, the petitioner must make a two part showing. First, he must demonstrate that the habeas court's ruling constituted an abuse of discretion. If he succeeds in that, he must then demonstrate that the judgment of the habeas court should be reversed on its merits. *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). To establish an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently or that the questions are adequate to deserve encouragement to proceed further. Id., 616–17.

Having reviewed the record and briefs, and having heard from the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See id., 612; *Simms* v. *Warden,* 229 Conn. 178, 186–89, 640 A.2d 601 (1994); *Walker* v. *Commis-*

*sioner of Correction,* 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's denial of the petition for a writ of habeas corpus was predicated on a factual review of the petitioner's claims that his trial counsel failed (1) to follow-up on a motion to suppress and (2) to object to out-of-court identification statements, and that his appellate counsel failed to brief the evidentiary issues.

The petitioner's judgment of conviction for robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) was affirmed by this court. *State* v. *Rivera,* 32 Conn. App. 193, 628 A.2d 996, cert. denied, 227 Conn. 920, 632 A.2d 698 (1993). The facts described therein are as follows: "On November 22, 1990, at about 12:42 a.m., Officer Michael Gosha, a member of the Bridgeport police department, was on patrol on the west side of Bridgeport when he was dispatched to the area of building sixteen in the P.T. Barnum housing project. Upon arrival, he observed a taxicab in the parking lot behind building sixteen, parked approximately 100 feet from Taylor Drive. Upon investigation, Gosha found Roberto Mejias seated in the cab, with his legs outside the vehicle. Mejias appeared to be shaken and his right index finger was bleeding.

"Mejias told Gosha that he had been robbed by two individuals. After the victim left by ambulance, Gosha drove around the area looking for the individuals described to him by Mejias, but was unsuccessful.

"The parking lot was not lighted that night, but there was light from streetlights on Taylor Drive. The lights fixed to the buildings in the area were not working, and, although the area was lighted to some extent from

the lights on Taylor Drive, the lighting in the parking lot was poor.

"On November 24, 1990, two days after the robbery, Officer Daniel Garcia of the Bridgeport police department was dispatched at approximately 3:45 a.m. to transport Mejias. Garcia met Mejias at the cab company office on Main Street in Bridgeport. They went to building sixteen, apartment 102, at the Barnum complex on the basis of Mejias' statement that he had information that the persons who had perpetrated the robbery on him were at that apartment.

"Garcia entered the building and went to apartment 102. He found a husky Hispanic male with a cast on his leg and walking with crutches, who matched the description that had been given to Garcia of one of the persons involved in the robbery. Garcia took that individual, Edwin Lopez, into custody and brought him to the police cruiser, where Mejias identified him as one of the perpetrators of the robbery. Garcia called for additional police assistance and Officer Ruby Crear arrived. Garcia placed Lopez in his police cruiser to take him to police headquarters for booking. Mejias entered the police vehicle operated by Crear. Both vehicles then left the area. The vehicle operated by Garcia was about twenty feet in front of the vehicle operated by Crear.

"At about 5 a.m., the two vehicles proceeded to St. Stephens Street and then to Albion Street in the vicinity of the Evergreen Apartments. Garcia observed three males walking in the area of the Evergreen Apartments. He observed that two of the men were African-American and the third was Hispanic. The area was sufficiently illuminated for a person to see a short distance ahead. Daylight was beginning to appear and the streetlights as well as the headlights of Garcia's vehicle lighted the area.

"Garcia received a radio transmission from Crear's vehicle indicating that the victim said the Hispanic male looked like the second perpetrator. Garcia stopped his vehicle, exited it and walked toward the three males. The three entered the grounds of the Evergreen Apartments. Garcia called out 'Tito,' a name that he had heard at the Barnum project. The three continued to walk until Garcia again called out 'Tito' and pointed his flashlight at them. This time, the Hispanic male turned around. The individual fit the description given by Mejias of a Hispanic male, shorter than Lopez, with a 'fade' haircut.

"Garcia brought the Hispanic male, the defendant, back to the vicinity of the police vehicle in which Mejias was a passenger. The take down lights of the police vehicle were lighted. Garcia brought the defendant to a point about seven feet in front of the police vehicle in which Mejias was seated. Mejias positively identified the defendant as the second individual involved in the robbery of November 22, 1990. As soon as Mejias positively identified the defendant, Garcia arrested and charged him with the commission of the offenses." Id., 195–97.

The habeas court found no support in the petitioner's claim that Mejias' identification of him resulted from an impermissibly suggestive procedure that his trial counsel should have challenged through a motion to suppress. The trial counsel was found to be credible when he testified that he was of the opinion that a motion to suppress the out-of-court identification would be unsuccessful because under the totality of the circumstances the identification was not unreliable and it might be more advantageous to delay a confrontation until the time of trial. In fact, Mejias did not identify the defendant at trial.

The habeas court, in concluding that the claim was without merit, stated in its memorandum of decision:

"[Mejias] was on his way to the police station at 5 a.m. in a police cruiser when he identified the petitioner as looking like the other robber. The petitioner was not then under arrest, was not in police custody, his viewing was unplanned and obviously inadvertent. . . . The exigent circumstances required the police to determine promptly whether [Mejias'] identification was such as to hold the petitioner or to release him. . . . The officer's testimony concerning [Mejias'] out-of-court identification is admissible as an exception to the hearsay rule when the relevant witnesses are available." (Citation omitted.)

In rejecting the claim of ineffective assistance of appellate counsel for not pursuing the suppression issue on direct appeal, the habeas court found that appellate counsel followed the strategy of trial counsel. The court found that appellate counsel concentrated on a direct attack on the lack of sufficient identification and could not raise on appeal an issue not raised at trial, that is, suppression of a suggestive out-of-court identification. Accordingly, the court concluded that the petitioner had not proven that either trial counsel's performance or appellate counsel's performance was deficient. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

" 'This court does not retry the case or evaluate the credibility of the witnesses.' *State* v. *Amarillo*, [198 Conn. 285, 289, 503 A.2d 146 (1986)]." *State* v. *Taylor*, 23 Conn. App. 426, 429, 580 A.2d 1004 (1990). " 'Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude.' " *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). "In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation

marks omitted.) *Clarke* v. *Commissioner of Correction,* 43 Conn. App. 374, 386, 682 A.2d 618 (1996), appeal dismissed, 249 Conn. 350, 732 A.2d 754 (1999). We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. *Siano* v. *Warden,* 31 Conn. App. 94, 95, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993).

Further, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland* v. *Washington,* supra, 466 U.S. 689; see also *Johnson* v. *Commissioner of Correction,* 222 Conn. 87, 98, 608 A.2d 667 (1992); *Valeriano* v. *Bronson,* 12 Conn. App. 385, 393–94, 530 A.2d 1100 (1987), aff'd, 209 Conn. 75, 546 A.2d 1380 (1988).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.