## CURTISS EBRON *v.* COMMISSIONER OF CORRECTION
## (AC 19574)

Landau, Spear and Daly, Js.

Argued October 26—officially released December 19, 2000

*David B. Rozwaski*, special public defender, with whom, on the brief, was *James A. Shanley, Jr.*, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Curtiss Ebron, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus.[1] On appeal, the petitioner

---

[1] In November, 1995, the petitioner was found guilty, following a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70, two counts of aggravated sexual assault in the first degree in violation of General Statutes § 53a-70a, one count of kidnapping in the first degree in violation of General Statutes § 53a-92 and one count of assault in the third degree in violation of General Statutes § 53a-61.

claims that the habeas court improperly (1) denied his petition for certification to appeal and (2) determined that he was not denied effective assistance of counsel. We dismiss the appeal.

The petitioner filed an amended petition for a writ of habeas corpus alleging that his criminal trial attorney was ineffective in that he failed (1) to select jurors who would comprise a fair and impartial jury, (2) to inquire of the prospective jurors their racial attributes, (3) to move to suppress unreliable identification evidence and (4) to advise the petitioner properly. Following a hearing, the court concluded that the petitioner had failed to show that counsel's representation fell below an objective standard of reasonableness. The court further held that the petitioner had failed to show, in light of the evidence, that there was a reasonable probability that the result would have been different but for counsel's unprofessional errors. Accordingly, the court denied the petition. The court further denied the petition for certification to appeal "as wholly frivolous." The petitioner then filed the present appeal, claiming that his trial counsel was ineffective in his selection of the jury and in his advising the petitioner to testify without first addressing his prior convictions.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their

conduct, demeanor and attitude." (Internal quotation marks omitted.) *Colon* v. *Commissioner of Correction*, 55 Conn. App. 763, 765, 741 A.2d 2 (1999), cert. denied, 252 Conn. 921, 744 A.2d 437 (2000). "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." *Velez* v. *Commissioner of Correction*, 57 Conn. App. 307, 309, 748 A.2d 350 (2000); see also 2 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 125a, p. 1219.

After reviewing the record and briefs, and after hearing the parties at oral argument, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the habeas court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Johnson* v. *Commissioner of Correction*, 58 Conn. App. 729, 731, 754 A.2d 849, cert. denied, 254 Conn. 928, 761 A.2d 753 (2000); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.