ANDREW OWENS *v.* COMMISSIONER OF
CORRECTION
(AC 19687)

Schaller, Mihalakos and Zarella, Js.

Submitted on briefs October 18, 2000—officially released January 9, 2001

*Del Atwell,* special public defender, filed a brief for the appellant (petitioner).

*James M. Ralls* and *Corinne Klatt,* assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Andrew Owens, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of

his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion when it denied his petition for certification to appeal, (2) improperly rejected his claim of ineffective assistance of trial counsel and (3) improperly failed to inquire about a potential conflict of interest,[1] thereby violating his due process rights. We dismiss the appeal.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "To establish an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently or that the questions are adequate to deserve encouragement to proceed further." *Rivera* v. *Commissioner of Correction*, 57 Conn. App. 390, 391, 748 A.2d 368, cert. denied, 253 Conn. 921, 755 A.2d 215 (2000).

The court predicated its dismissal of the petitioner's petition on a factual review of the petitioner's claim and a determination that the petitioner had failed to rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). The court evaluated the petitioner's ineffective assistance of counsel claim by employing the two-pronged test espoused in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80

---

[1] In his brief, the petitioner asserts: "The trial court's conclusion that a conflict did not exist did not relieve it of the responsibility to inquire regarding the potential for a conflict . . . . The inquiry should have involved a colloquy with the petitioner whereby the conflict issue would have been fully explored and perhaps a waiver secured."

L. Ed. 2d 674 (1984). The test analyzes whether the petitioner has proven that counsel's performance was deficient, and, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 694. The court found that the petitioner failed to prove that counsel's representation fell below an objective standard of reasonableness.

The court analyzed the petitioner's conflict of interest claim according to the test articulated in *Phillips* v. *Warden*, 220 Conn. 112, 133, 595 A.2d 1356 (1991). The test requires the petitioner to establish "(1) that counsel actively represented conflicting interests and (2) that an actual conflict of interest adversely affected his lawyer's performance." (Internal quotation marks omitted.) Id. "[A] court judging a claim of ineffective assistance of counsel must do so on the facts of the particular case, viewed as of the time of counsel's conduct." (Internal quotation marks omitted.) Id., 134. The habeas court determined that there was no conflicting interest adversely affecting the petitioner's interests.

With respect to the alleged violation of the petitioner's due process rights, the court properly relied on *State* v. *Cruz*, 41 Conn. App. 809, 816, 678 A.2d 506, cert. denied, 239 Conn. 908, 682 A.2d 1008 (1996), for the principle that where neither an actual nor a potential conflict of interest exists, it is unnecessary for the court to inquire further or to obtain a waiver from the defendant. Accordingly, having found no conflict of interest, the court determined that a waiver was not required and that the petitioner's due process rights were not violated.

After reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden

of persuasion that the denial of his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that the court had before it sufficient evidence to find as it did and that it did not abuse its discretion by denying the petitioner's petition for certification to appeal.

The appeal is dismissed.