## EDDY WOOLCOCK *v.* COMMISSIONER OF CORRECTION
### (AC 20105)

Lavery, C. J., and Zarella and Dranginis, Js.

Submitted on briefs December 4, 2000—officially released April 17, 2001

*Vicki H. Hutchinson*, special public defender, filed a brief for the appellant (petitioner).

*Richard Blumenthal*, attorney general, and *Richard T. Biggar*, assistant attorney general, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Eddy Woolcock, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus.[1] On appeal, the petitioner claims that the habeas court improperly denied (1) his petition for certification to appeal, (2) his claim of ineffective assistance of counsel and (3)

---

[1] On June 30, 1983, the trial court sentenced the petitioner following his conviction for the crimes of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a, assault on a peace officer in violation of General Statutes § 53a-167c and four counts of sale of narcotics in violation of General Statutes § 21a-277 (a). The sentences were consecutive on each count. The petitioner is currently serving a total effective sentence of forty years.

his claim that he is due, and was not credited, pretrial and enhanced good time credits.[2] We dismiss the appeal.

The petitioner's amended petition for a writ of habeas corpus alleged that his criminal trial attorney was ineffective in that he failed to accompany the petitioner to his presentence investigation interview at which the petitioner made negative statements that he claims resulted in a more severe sentence. He further alleged that, pursuant to General Statutes § 18-98d (a), he was eligible for pretrial credit for time served from September 21, 1982, through March 2, 1983, and that, pursuant to General Statutes § 18-7a (b),[3] he was entitled to enhanced good time credit for the period of September 21, 1982, to March 2, 1983.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "To establish an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differ-

---

[2] The petitioner's appeal form also states that the he appeals from the denial of his motion for clarification. A motion seeking an articulation or further articulation of a trial court's decision is called a motion for articulation. See Practice Book § 66-5. "The sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion filed pursuant to this section . . . shall be by motion for review under Section 66-7." Practice Book § 66-5. We therefore decline to review this claim.

[3] The petitioner testified that prior to September 21, 1982, he had been a parolee and that he was returned to jail on that date for a technical violation of parole without the benefit of a revocation of parole hearing or a waiver of a revocation of parole hearing. Thus, he argued that he was not a sentenced prisoner, but rather, was a pretrial detainee from September 21, 1982, to March 2, 1983.

ently or that the questions are adequate to deserve encouragement to proceed further." *Rivera* v. *Commissioner of Correction,* 57 Conn. App. 390, 391, 748 A.2d 368, cert. denied, 253 Conn. 921, 755 A.2d 215 (2000).

Having considered the evidence presented at the habeas trial and having assessed the credibility of the witnesses, the habeas court found that the petitioner had failed to show that counsel's representation fell below an objective standard of reasonableness. See *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Accordingly, the court denied the petitioner's claim of ineffective assistance of counsel. The habeas court next found that the petitioner was a sentenced prisoner and, hence, not eligible for pretrial credit. The court further found that under *Chung* v. *Commissioner of Correction,* 245 Conn. 423, 426, 717 A.2d 111 (1998), the petitioner was not entitled to enhanced good time credit because he was sentenced prior to July 1, 1983, and had not yet been confined for a period of five years. Accordingly, the court concluded that the petitioner's sentences were correctly calculated. The court further denied the petition for certification to appeal as "wholly frivolous."

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *Colon* v. *Commissioner of Correction,* 55 Conn. App. 763, 765, 741 A.2d 2 (1999), cert. denied, 252 Conn. 921, 744 A.2d 437 (2000). Thus, in a habeas case, "[t]he habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." *Velez* v. *Commissioner of Correction,* 57 Conn. App. 307, 309, 748 A.2d 350 (2000); see also 2 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 125a, p. 1219.

After reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the habeas court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. See *Simms* v. *Warden,* supra, 230 Conn. 612; *Johnson* v. *Commissioner of Correction,* 58 Conn. App. 729, 730, 754 A.2d 849, cert. denied, 254 Conn. 928, 761 A.2d 753 (2000); see also *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.