ROBERT A. BLATT, TRUSTEE *v.* BOARD OF ASSESSMENT APPEALS OF THE TOWN OF EAST LYME
(AC 19988)

Schaller, Mihalakos and Stoughton, Js.

Argued February 27—officially released May 22, 2001

*Brian B. Staines*, with whom, on the brief, was *Lee N. Johnson*, for the appellant (plaintiff).

*Edward B. O'Connell*, with whom, on the brief, was *David P. Condon*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Robert A. Blatt, trustee, appeals from the judgment of the trial court dismissing his appeal from the decision of the board of assessment appeals of the town of East Lyme (board). At issue is the board's valuation of 200 acres of property that the plaintiff owns. On appeal, the plaintiff claims that the court improperly (1) found that the property had not been overvalued and (2) concluded that the board's valuation of the property did not constitute an illegal tax pursuant to General Statutes § 12-119.[1]

The following facts and procedural history are relevant to this appeal. The plaintiff owns property in the town consisting of a 200 acre parcel of land improved with one building. The town assessor (assessor) determined that, as of the assessment year commencing October 1, 1991, the true and actual value of the plaintiff's property was $1,464,500. In accordance with General Statutes § 12-62a (b), the assessor assessed the

---

[1] General Statutes § 12-119 "allows a taxpayer to bring a claim that the tax was imposed by a town that had no authority to tax the subject property, or that the assessment was manifestly excessive *and* could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of [the real] property . . . ." (Emphasis in original; internal quotation marks omitted.) *Pauker* v. *Roig*, 232 Conn. 335, 340–41, 654 A.2d 1233 (1995). On appeal, the plaintiff merely challenges the assessment and does not claim that the town had no authority to tax his property.

property at 70 percent of that value. Disputing the valuation, the plaintiff appealed to the board seeking a considerable reduction in the property assessment. See General Statutes § 12-111 (providing for appeal to board). The board reduced the value of the building from $126,490 to $111,930, thereby slightly reducing the value of the property to $1,443,700. Accordingly, the board assessed the property at $1,010,590. Pursuant to General Statutes § 12-117a,[2] the plaintiff appealed from the board's decision to the Superior Court for the judicial district of New London.

The court conducted a trial de novo[3] during which the board called Robert Flanagan, a real estate appraiser, as an expert witness. Flanagan testified as follows. The highest and best use of the plaintiff's property was as raw land included in a golf course development. He arrived at that conclusion after considering the history of the property, the permits that had been obtained for the property and the intrinsic characteristics of the

[2] General Statutes § 12-117a provides in relevant part: "Any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review or the board of assessment appeals, as the case may be, in any town or city may, within two months from the date of the mailing of notice of such action, make application, in the nature of an appeal therefrom, with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, October 1, 1994, or October 1, 1995, and with respect to the assessment list for assessment years thereafter, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . ."

[3] "A trial court hears tax appeals pursuant to § 12-117a de novo and must arrive at [its] own conclusions as to the value of [the taxpayer's property] by weighing the opinion of the appraisers, the claims of the parties in light of all the circumstances in evidence bearing on value, and [its] own general knowledge of the elements going to establish value . . . . *Xerox Corp.* v. *Board of Tax Review*, 240 Conn. 192, 204, 690 A.2d 389 (1997)." (Internal quotation marks omitted.) *Davis* v. *Westport*, 61 Conn. App. 834, 840, 767 A.2d 1237 (2001).

property, including a natural pond and rolling elevations. In his opinion, the true and accurate value of the plaintiff's property was $1,455,000. In arriving at that value, which equals $7300 per acre, he considered residential development as a competing use and analyzed the sale prices of comparable properties that had been obtained for that use.

The court dismissed the plaintiff's appeal. In its memorandum of decision, the court summarized Flanagan's testimony and stated: "The court finds the evidence presented by the defendant regarding comparable sales of raw land for development (whether for golf course or residential use) more convincing than that presented by the plaintiff. Based upon the evidence presented, the court finds that the plaintiff has not met [his] burden of showing that the property was overvalued for tax assessment purposes." Thereafter, the plaintiff appealed to this court.

On appeal, the plaintiff asks this court to review the trial court's findings of fact. It is well established that an appellate court cannot find new facts. Our review is limited to determining whether the trial court's judgment was clearly erroneous or contrary to law. *Northeast Parking, Inc.* v. *Planning & Zoning Commission*, 47 Conn. App. 284, 290–91, 703 A.2d 797 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998).

In the present case, the court filed a detailed and comprehensive memorandum of decision reciting the facts that it found to support its decision. "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their

specific testimony." (Citations omitted; internal quotation marks omitted.) *Wieler* v. *Commissioner of Correction*, 47 Conn. App. 59, 61, 702 A.2d 1195, cert. denied, 243 Conn. 957, 704 A.2d 806 (1997). After a complete review of the record, we conclude that the trial court's finding that the plaintiff's property was not overvalued is not clearly erroneous. Accordingly, the plaintiff cannot succeed in either of the claims raised in this appeal.

The judgment is affirmed.