RON JOHNSON *v.* COMMISSIONER OF CORRECTION
(AC 20995)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Patrice A. Cohan*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Robert M. Spector*, deputy assistant state's attorney, and *Beth Baran*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ron Johnson, appeals following the denial by the habeas court of his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly (1) denied his petition for certification to appeal and (2) determined that he was not denied ineffective assistance of counsel. We dismiss the appeal.

On September 19, 1997, the petitioner pleaded guilty under the *Alford*[1] doctrine to one count of sexual assault in the first degree in violation of General Statutes § 53-70 (a) (1). The petitioner filed a petition for a writ of habeas corpus alleging ineffective assistance of coun-

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

sel. Specifically, he alleged that his trial counsel failed to inform him that he would not receive credit for time served from his arrest date of April 30, 1996, through and including his sentencing date of September 19, 1997. At the habeas hearing, the court heard conflicting testimony from the petitioner and his trial counsel regarding whether the petitioner was correctly informed of the sentencing consequences of his guilty plea. The court, finding trial counsel's testimony to be more credible, accordingly dismissed the petition for a writ of habeas corpus.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on the merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *Colon* v. *Commissioner of Correction*, 55 Conn. App. 763, 765, 741 A.2d 2 (1999), cert. denied, 252 Conn. 921, 744 A.2d 437 (2000). "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." *Velez* v. *Commissioner of Correction*, 57 Conn. App. 307, 309, 748 A.2d 350 (2000); see also 2 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 125a, p. 1219.

After thoroughly reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or

federal constitutional right and, further, has failed to sustain his burden of persuasion that the habeas court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Johnson* v. *Commissioner of Correction*, 58 Conn. App. 729, 731, 754 A.2d 849, cert. denied, 254 Conn. 928, 761 A.2d 753 (2000); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.