ROBERT BOYD *v.* COMMISSIONER OF CORRECTION
(AC 23325)

Lavery, C. J., and Schaller and DiPentima, Js.

Submitted on briefs October 30—officially released November 25, 2003

*Richard C. Marquette*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, and *James A. Killen* and *Linda N. Howe*, senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Robert Boyd, appeals following the denial by the habeas court of his petition for a writ of habeas corpus and his petition for certification to appeal. We dismiss the appeal.

This appeal stems from an incident that occurred in September, 1992, between the petitioner and his then girlfriend's minor daughter. The defendant, subsequently, was arrested and charged with one count of kidnapping in the first degree in violation of General

Statutes § 53a-92a (2) (a), two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and one count of risk of injury to a child in violation of General Statutes § 53-21. The petitioner was able to post pond and was free until he pleaded nolo contendere, during jury selection, to one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and one count of risk of injury to a child in violation of § 53-21. The petitioner received an effective sentence of eight years in the custody of the respondent commissioner of correction, execution suspended after two years, with five years of probation. While the criminal prosecution was pending and through sentencing, the petitioner was represented by a public defender and a special public defender, in seriatim.

In 1998, the petitioner filed a petition for a writ of habeas corpus in which he alleged that (1) his plea of guilty was not voluntary due to abandonment of counsel, (2) his sentence was illegal, (3) there were trial irregularities because certain evidence was not introduced and (4) he received ineffective assistance of counsel. The habeas court denied the petition, primarily on the basis of the lack of credible evidence. The court also denied the petition for certification to appeal.

The petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right and, further, he has failed to sustain his threshold burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) *Cooper* v. *Commissioner of Correction*, 53 Conn. App. 494, 496, 732 A.2d 778 (1999), quoting *Wieler* v. *Commissioner of Correction*, 47 Conn. App. 59, 61, 702 A.2d 1195, cert. denied, 243 Conn. 957, 704 A.2d 806 (1997).

The appeal is dismissed.