DANIEL HENDERSON *v.* COMMISSIONER OF CORRECTION
(AC 23253)

Schaller, DiPentima and Mihalakos, Js.

Argued September 12—officially released December 16, 2003

*Richard R. Brown,* with whom, on the brief, was *Robert T. Rimmer,* for the appellant (petitioner).

*Denise B. Smoker,* assistant state's attorney, with whom, on the brief, were *Scott J. Murphy,* state's attorney, and *Jo Anne Sulik,* assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Daniel Henderson, appeals from the dismissal of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly concluded that (1) he was not entitled to a review of the constitutionality of General Statutes § 53a-40b,[1] the sentencing statute under which his sentence had been enhanced, and (2) the sentencing court had not sentenced him in an illegal manner. We disagree and, accordingly, affirm the judgment of the habeas court.

---

[1] General Statutes § 53a-40b provides that "[a] person convicted of an offense committed while released pursuant to sections 54-63a to 54-63g, inclusive, or sections 54-64a to 54-64c, inclusive, other than a violation of section 53a-222, may be sentenced, in addition to the sentence prescribed for the offense to (1) a term of imprisonment of not more than ten years if the offense is a felony, or (2) a term of imprisonment of not more than one year if the offense is a misdemeanor."

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. The petitioner was charged with two counts of larceny in the sixth degree in violation of General Statutes § 53a-125b and one count of forgery in the second degree in violation of General Statutes § 53a-139. The petitioner pleaded not guilty and elected a jury trial. At trial, the state proved that the petitioner, on August 11, 1993, knowingly used a fraudulent money order in the amount of $250 to pay a $170 restaurant check and accepted $80 in change. The defendant was convicted on all counts.

Following the conviction, the defendant admitted to being a persistent larceny offender pursuant to General Statutes § 53a-40 (e).[2] He further admitted to committing the crimes while he was released on bond pending two other criminal cases, making him subject to an enhanced sentence pursuant to § 53a-40b.

The office of adult probation prepared a presentence investigation report despite the fact that the petitioner failed to appear for an interview relative to that report. The report was available to the court at the sentencing hearing on January 24, 1995. The petitioner failed to appear at the hearing.[3] The petitioner's counsel, Elisa L. Villa, requested a continuance to determine her client's whereabouts, but the court denied the request. After hearing arguments, the court sentenced the petitioner, in absentia, to five years imprisonment for the forgery conviction and a consecutive sentence enhancement of ten years imprisonment for violation of § 53a-40b.

[2] General Statutes § 53a-40 (e) provides that "[a] persistent larceny offender is a person who (1) stands convicted of larceny in the third degree in violation of the provisions of section 53a-124 in effect prior to October 1, 1982, or larceny in the fourth, fifth or sixth degree, and (2) has been, at separate times prior to the commission of the present larceny, twice convicted of the crime of larceny."

[3] The defendant submitted a written statement, delivered by his parents and his trial counsel, which implied that he was unable to attend court because he required drug treatment before going to jail.

On February 22, 1995, the petitioner appealed from the judgment of conviction. This court dismissed his appeal on April 5, 1995, because his whereabouts were unknown at that time. See *State* v. *Henderson*, 235 Conn. 901, 665 A.2d 903 (1995) (certification to appeal from this court's dismissal denied). After the appeal was dismissed, the petitioner began serving his sentence.[4] On November 4, 1996, the petitioner filed his petition for a writ of habeas corpus, alleging that Villa had provided ineffective assistance of counsel because she failed to inform the trial court that his alleged intoxication during trial had caused him to be mentally incompetent and unable to participate in the proceedings. Attorneys John R. Williams and Glenn M. Conway represented the petitioner in that proceeding. The habeas court, *Hon. Anthony V. DeMayo*, judge trial referee, found that the petition lacked merit and rendered judgment of dismissal. The petitioner appealed, and this court affirmed the judgment. *Henderson* v. *Commissioner of Correction*, 60 Conn. App. 911, 762 A.2d 526 (2000).

On September 7, 1999, the petitioner filed his second petition for a writ of habeas corpus. The court, *White, J.*, held a hearing on the petition on February 4, 2002. In his second habeas petition, the petitioner alleged that (1) he had received ineffective assistance of counsel in his representation by his criminal trial counsel and by his first habeas counsel because of their failure to challenge the constitutionality of § 53a-40b, and (2) the sentencing judge imposed the sentence enhancement in an illegal manner. The habeas court dismissed the petition in its entirety and granted certification to appeal. This appeal followed. Additional facts will be set forth as necessary.

---

[4] Because the petitioner's whereabouts were unknown, the state filed a motion to dismiss on March 7, 1995. The petitioner surrendered to police on the morning of April 5, 1995. Nonetheless, this court granted the state's motion to dismiss later that day.

The standard of review of a habeas court's judgment is well established. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Jackson* v. *Commissioner of Correction*, 68 Conn. App. 190, 192, 791 A.2d 588, cert. denied, 260 Conn. 910, 795 A.2d 544 (2002). "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 66 Conn. App. 850, 851, 785 A.2d 1225 (2001).

I

The petitioner argues that the issue before this court is whether he was entitled to a review of the constitutionality of § 53a-40b. Because this is an appeal from the dismissal of a petition for a writ of habeas corpus, the issue is framed more properly as whether the petitioner's criminal trial counsel and his first habeas counsel provided ineffective assistance when each failed to challenge the constitutionality of § 53a-40b.

The petitioner contends that a reasonably competent attorney would have argued that § 53a-40b permits the imposition of arbitrary sentence enhancements, and deprives him of reasonable notice and an opportunity to be heard regarding the factual basis for his enhanced sentence. The petitioner further contends that a competent attorney would have argued that the absence of objective sentencing criteria in the statute gives the trial court unfettered discretion to impose excessive or unreasonable sentences.

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States

Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . .

"The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . In *Strickland*, the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citation omitted; internal quotation marks omitted.) *Braham* v. *Commissioner*

*of Correction,* 72 Conn. App. 1, 5–6, 804 A.2d 951, cert. denied, 262 Conn. 906, 810 A.2d 271 (2002).

The petitioner claims that counsels' failure to identify and to present a valid constitutional argument constitutes deficient performance. The petitioner further argues that to determine whether counsels' performances were deficient, the court had to consider the constitutionality of § 53a-40b. We disagree.

"[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction,* 218 Conn. 403, 425, 589 A.2d 1214 (1991), quoting *Engle* v. *Isaac,* 456 U.S. 107, 134, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). "The [petitioner] is also not guaranteed assistance of an attorney who will make no mistakes. . . . What constitutes effective assistance [of counsel] is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation." (Citation omitted; internal quotation marks omitted.) *Jeffrey* v. *Commissioner of Correction,* 36 Conn. App. 216, 219, 650 A.2d 602 (1994).

The habeas court found that the petitioner had "failed to prove by a preponderance of the evidence that any of his counsel represented him in a manner that fell below an objective standard of reasonableness." The petitioner offered no evidence during the habeas trial regarding his representation by Conway in the first habeas proceeding. The court thus denied the habeas petition with respect to that claim.

With respect to Williams' representation in the same habeas proceeding, the petitioner cites Williams' statement that he should have attacked the constitutionality of § 53a-40b to underscore the argument that Williams'

assistance was ineffective. Williams testified that he believed he should have raised the constitutionality of the statute and that in hindsight, he was constitutionally ineffective due to his failure to do so. The court found, however, that Williams, "a practicing attorney with approximately thirty years . . . experience," believed that limiting his arguments to the strongest issues favoring his client increased the likelihood of success. The court further found that "even though Williams currently second-guesses himself about his failure to argue the constitutional claims in addition to or in lieu of [other claims asserted at habeas trial], there is insufficient credible evidence to overcome the presumption that Williams acted competently and that the habeas trial strategy actually employed was sound."

Likewise, the court found Villa's failure to raise the constitutionality of the sentencing statute to be "understandable." Moreover, the court found that Villa had provided effective assistance and offered sound arguments regarding the minor nature of the crime for which the petitioner was convicted, his nonviolent record, his desire for drug treatment and his family background. Thus, the petitioner failed to prove that Villa's assistance was constitutionally defective.

The petitioner asks this court, as he asked the habeas court, to review the constitutionality of § 53a-40b. Because we agree with the habeas court that the failure to raise a challenge to § 53a-40b did not constitute ineffective assistance of counsel, we decline to do so.[5] See *Johnson* v. *Commissioner of Correction*, supra, 218 Conn. 423–29.

## II

The petitioner next claims that the habeas court improperly concluded that the trial court did not sen-

---

[5] Because the petitioner failed to prove deficient performance, we need not consider the prejudice prong of the *Strickland* test. See *Braham* v. *Commissioner of Correction*, supra, 72 Conn. App. 11.

tence him in an illegal manner. Specifically, the petitioner argues that there is no evidence that the court reviewed the presentence investigation report prior to the imposition of the sentence, pursuant to General Statutes § 54-91a, that the court failed to consider the factual circumstances underlying the predicate charges on which the court imposed the § 53-40b sentencing enhancement and that the court failed to articulate the sentence enhancement.

Our Supreme Court has stated that before seeking to correct an illegal sentence in the habeas court, "a defendant either must raise the issue on direct appeal or file a motion pursuant to [Practice Book] § 43-22 with the trial court." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 38, 779 A.2d 80 (2001). A review of the record shows that the petitioner did not file a motion in the trial court, pursuant to Practice Book § 43-22,[6] to correct his sentence, nor did he raise that issue on appeal after the imposition of that sentence. The habeas court found that the petitioner was not entitled to review of his claim because he had failed to satisfy the condition precedent to challenging in a habeas petition an illegally imposed sentence. See *Cobham* v. *Commissioner of Correction*, supra, 39. We agree.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] Practice Book § 43-22 provides in relevant part that "[t]he judicial authority may at any time correct an illegal sentence . . . or any other disposition made in an illegal manner."