## CLOVIS JOHNSON *v.* COMMISSIONER OF CORRECTION
### (AC 18651)

O'Connell, C. J., and Spear and Zarella, Js.[1]

Argued January 20—officially released July 11, 2000

*Katharine S. Goodbody*, special public defender, for the appellant (petitioner).

*Eileen McCarthy Geel*, assistant state's attorney, with whom were *James E. Thomas*, state's attorney, and *Christopher Alexy*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Clovis Johnson, appeals from the judgment rendered by the habeas court denying his request for certification to appeal to this court following the denial of his petition for a writ of habeas corpus.[2] The petitioner claims that he was denied his constitutional rights to effective assistance of trial counsel as well as counsel who prepared his first habeas petition.

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

[2] The habeas petition was denied with the exception that the matter was remanded to the trial court for an appropriate correction of the petitioner's sentence consistent with the stated plea bargain.

The following facts and procedural history are relevant to the resolution of this appeal. On July 17, 1992, following the commencement of jury selection, the petitioner pleaded guilty, pursuant to the *Alford*[3] doctrine, to the crimes of manslaughter in the first degree in violation of General Statutes § 53a-55a, carrying a pistol without a permit in violation of General Statutes § 29-35, and altering or removing an identification mark from a firearm in violation of General Statutes § 29-36. The petitioner was sentenced to a total effective sentence of twenty-seven years. In 1994, the petitioner, with the assistance of counsel, filed a petition for a writ of habeas corpus alleging that he did not understand the English language at the time he entered his guilty pleas and, therefore, did not understand that he would be sentenced to a term of twenty-seven years of incarceration.[4] The habeas court dismissed this petition on July 27, 1995.

The petitioner filed a subsequent petition for a writ of habeas corpus alleging ineffective assistance of trial counsel and of counsel at his first habeas hearing. Specifically, the petitioner alleged that his trial counsel rendered ineffective assistance by advising him that the eyewitness he wanted to call to testify at trial was not credible and that he should, therefore, plead guilty to reduced charges. The petitioner further alleged that his first habeas counsel rendered ineffective assistance by failing to investigate and interview a favorable eyewitness for the defense, and by failing to raise this issue in the first habeas petition.

The habeas court conducted a factual review of the petitioner's claim and concluded that the petitioner had failed to show that counsel's representation fell below

---

[3] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] The petitioner alleged that he believed that the plea agreement called for a recommended sentence of twenty-seven months instead of twenty-seven years.

an objective standard of reasonableness. In fact, the habeas court indicated that it agreed with the observation of the sentencing court that "[the petitioner] made a wise choice. He would have gotten more time than twenty-seven years if he was convicted of murder—a very strong likelihood of conviction."[5]

We have fully reviewed the record and briefs and considered the oral arguments. We conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, that he has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

---

[5] The habeas court further concluded that the proceedings rendered moot any claim regarding the failure of the petitioner's first habeas counsel to investigate and interview an alleged eyewitness, and the failure to raise this issue in the first habeas petition.