DAVID POLLITT *v.* COMMISSIONER OF
CORRECTION
(AC 19779)

Schaller, Zarella and Pellegrino, Js.

Submitted on briefs September 15—officially released November 14, 2000

---

*Del Atwell,* special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas,* state's attorney, *Christopher T. Godialis,* assistant state's attorney, and *James A. Killen,* supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, David Pollitt, appeals from the judgment of the habeas court denying his petition for certification to appeal, filed pursuant to General Statutes § 52-470 (b),[1] following the denial of his petition for a writ of habeas corpus.

On April 7, 1983, in the judicial district of New London, the petitioner was convicted of five counts in two informations,[2] for which he received an effective sentence of twenty-eight years imprisonment. On November 18, 1983, in the judicial district of New Haven, the petitioner was convicted of two counts in one informa-

[1] General Statutes § 52-470 (b) provides in relevant part: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] In docket number CR10-122858, the petitioner was convicted of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2) and attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-70 (a). In docket number CR10-122995, the petitioner was convicted of sexual assault in the first degree in violation of § 53a-70, robbery in the third degree in violation of General Statutes § 53a-136 and larceny in the fourth degree in violation of General Statutes § 53a-125. Our Supreme Court affirmed these convictions in *State* v. *Pollitt,* 205 Conn. 61, 530 A.2d 155 (1987).

tion,[3] for which he received an effective sentence of thirty-five years imprisonment, to run concurrently with the New London sentence. On November 29, 1984, in the judicial district of Hartford, the petitioner pleaded guilty to two counts in two informations,[4] for which he received an effective sentence of seventeen years imprisonment, to run concurrently with the New Haven sentence and consecutive to the New London sentence. In all, the petitioner's total effective sentence was forty-five years imprisonment.

In his petition for a writ of habeas corpus, the petitioner claimed that he was denied the right to effective trial counsel because his total effective sentence of forty-five years for the New London, New Haven and Hartford convictions was not in accordance with his plea agreement in the Hartford prosecution.[5] The court denied the petition on the ground that at the sentencing hearing in the Hartford case, "[b]oth attorneys [the assistant state's attorney and the petitioner's counsel] acknowledged on the record in the presence of the petitioner that such sentence was the goal of the plea bargain." The petitioner thereafter moved for certification to appeal from the court's judgment pursuant to § 52-470 (b), which the court denied "as wholly frivolous."

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in sur-

---

[3] The petitioner was convicted of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and sexual assault in the first degree in violation of General Statutes § 53a-70. Our Supreme Court upheld that conviction in State v. Pollitt, 205 Conn. 132, 531 A.2d 125 (1987).

[4] The defendant was charged with two counts of sexual assault in the first degree in violation of General Statutes § 53a-70, one in docket number CR15-73131 and the second in docket number CR15-70569.

[5] We note that the petitioner was represented by the same attorney in all three prosecutions.

mounting that hurdle, the petitioner must also demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

On the basis of our review of the record and briefs, we conclude that the petitioner failed to sustain his burden of persuasion that the habeas court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. The petitioner further failed to make a substantial showing that he was denied a state or federal constitutional right. See *Simms* v. *Warden*, supra, 230 Conn. 612; see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Johnson* v. *Commissioner of Correction*, 58 Conn. App. 729, 730–31, 754 A.2d 849 (2000).

The appeal is dismissed.