JOSEPH C. WILSON *v.* COMMISSIONER OF CORRECTION
(AC 19987)

Spear, Zarella and Daly, Js.

Argued October 30, 2000—officially released January 9, 2001

*Joseph C. Wilson*, pro se, the appellant (petitioner).

*Steven R. Strom*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (respondent).

*Opinion*

DALY, J. The petitioner, Joseph C. Wilson, appeals to this court following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus.[1] The petitioner claims that the court abused its discretion because the respondent, the commissioner of correction, improperly calculated his good time credits under General Statutes § 18-7a (c).[2] We dismiss the appeal.

The facts are undisputed. On February 21, 1991, the petitioner was sentenced to twelve years of imprisonment, suspended after six years, plus probation. On November 28, 1995, the trial court revoked the petitioner's probation and reinstated the remaining six years of imprisonment. The court then sentenced the petitioner to ten years imprisonment on each of three additional charges, suspended after two years, to run

---

[1] The petitioner had filed an application for a writ of mandamus, which the court and the parties deemed to be a petition for a writ of habeas corpus.

[2] General Statutes § 18-7a (c) provides: "Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may . . . while serving such sentence by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. . . ."

concurrently with each other but consecutively to the 1991 sentence.

The judgment of a habeas court denying a petitioner's petition for certification to appeal, pursuant to General Statutes § 52-470 (b),[3] can be reviewed only if such denial constituted an abuse of discretion. *Rivera* v. *Commissioner of Correction,* 254 Conn. 214, 221, 756 A.2d 1264 (2000); see *Copas* v. *Commissioner of Correction,* 234 Conn. 139, 150, 662 A.2d 718 (1995); *Pollitt* v. *Commissioner of Correction,* 60 Conn. App. 743, 745–46, 760 A.2d 1278 (2000). "If the petitioner succeeds in [demonstrating that the habeas court abused its discretion], the petitioner must also demonstrate that the judgment of the habeas court should be reversed on its merits." (Internal quotation marks omitted.) *Pollitt* v. *Commissioner of Correction,* supra, 745–46.

On the basis of our review, we conclude that the petitioner has failed to demonstrate that the habeas court's denial of his petitions for a writ of habeas corpus and for certification to appeal to this court was a clear abuse of discretion or that an injustice has been committed. See *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden,* 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction,* 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). For that reason, we do not need to reach the issue of whether the habeas court properly deter-

---

[3] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

mined that the petitioner's petition for certification, brought pursuant to § 52-470 (b), was frivolous.[4] The dispositive issue on appeal is whether the habeas court abused its discretion. We find that it did not.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[4] General Statutes § 52-470 (b) is intended to discourage frivolous habeas appeals. *Rivera* v. *Commissioner of Correction*, supra, 254 Conn. 221; see *Copas* v. *Commissioner of Correction*, supra, 234 Conn. 150. A habeas appeal that satisfies one of the following criteria is not frivolous and warrants appellate review: (1) the issues are debatable among jurists of reason, (2) a court could resolve the issues in a different manner or (3) the questions are adequate to deserve encouragement to proceed further. See *Lozada* v. *Deeds*, supra, 498 U.S. 431–32; *Rivera* v. *Commissioner of Correction*, supra, 221; *Simms* v. *Warden*, supra, 230 Conn. 616.