## DOUGLAS JAYNES *v.* COMMISSIONER OF CORRECTION
### (AC 19880)

Foti, Schaller and Spear, Js.

Submitted on briefs December 4, 2000—officially released January 16, 2001

*Raymond J. Rigat* filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, and *Leon F. Dalbec, Jr.*, and *Beth Baron*, senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Douglas Jaynes, appeals following the denial by the habeas court of his petition for certification to appeal, filed pursuant to General Statutes § 52-470 (b),[1] from the denial of his petition for a writ of habeas corpus. We dismiss the appeal.

---

[1] General Statutes § 52-470 (b) provides in relevant part: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

On July 6, 1992, in the judicial district of New Haven, the petitioner was convicted, after a jury trial, of the crime of murder, for which he was sentenced to a term of fifty-five years imprisonment.[2]

In his petition for a writ of habeas corpus, the petitioner claimed that he was denied the right to effective assistance of trial counsel. Specifically, he claimed that defense counsel failed to investigate adequately his mental condition insofar as it affected his ability to form the requisite mental intent, to appreciate the wrongfulness of his conduct, to understand the proceedings and to assist in his own defense. The court denied the petition, concluding that "defense counsel took more than adequate steps to protect [the defendant], both as to his competency and as to the insanity defense."[3]

---

[2] The judgment was affirmed on direct appeal. *State* v. *Jaynes*, 36 Conn. App. 417, 650 A.2d 1261 (1994), cert. denied, 233 Conn. 908, 658 A.2d 980 (1995).

[3] In its memorandum of decision, the habeas court noted: "The petitioner was charged with a murder committed on February 23, 1989. He was originally represented by the public defender's office but when a potential conflict of interest appeared, a special public defender was appointed to represent the petitioner at trial. On September 24, 1990, the public defender's office filed a motion to determine competency pursuant to section 54-56d of the statutes and the petitioner was found to be incompetent to stand trial. He had previously been examined by an expert hired by the public defender's office who had concerns about his competency. He was subsequently found competent, but a notice to assert the insanity defense was filed in his behalf, after consultation with the expert. The public defender's office next engaged Dr. Kenneth M. Selig, a forensic psychiatrist and member of the bar. After a thorough review of [the petitioner's] records and a long interview of him, Dr. Selig concluded that the mental disease [defense] was not available. In addition, [the petitioner] had denied he was present at the crime scene so that the defense would have been faced with incompatible defenses had it attempted to advance an insanity defense. The special public defender who assumed the petitioner's defense actually tried the murder charge twice, the first trial resulting in a hung jury. Counsel testified that he and his partner worked on this case and questioned the competency finding. In discussions with the public defender, he was advised of the attempt to prepare an insanity defense. Both counsel expressed their reservations about

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

On the basis of our review of the record and briefs, we conclude that the petitioner failed to sustain his burden of persuasion that the habeas court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. The petitioner further failed to make a substantial showing that he was denied a state or federal constitutional right. See id.; *Johnson* v. *Commissioner of Correction*, 58 Conn. App. 729, 731, 754 A.2d 849, cert. denied, 254 Conn. 928, 761 A.2d 753 (2000); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.

[the petitioner's] competency, and took the appropriate steps to protect him on that issue."