## GEORGE ORTIZ *v.* COMMISSIONER OF CORRECTION
## (AC 21363)

Lavery, C. J., and Dranginis and O'Connell, Js.

Submitted on briefs June 13—officially released July 31, 2001

---

*Vicki H. Hutchinson*, special public defender, filed a brief for the appellant (petitioner).

*Richard Blumenthal*, attorney general, and *Madeline A. Melchionne*, assistant attorney general, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, George Ortiz, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly (1) denied his petition for certification to appeal and (2) denied his petition for a writ of habeas corpus. We dismiss the appeal.

The record discloses that the petitioner filed an amended petition for a writ of habeas corpus, alleging that the defendant commissioner of correction improperly classified him as a security risk group safety threat member following the receipt of a disciplinary report. The petitioner claimed that he (1) was denied his right to present witnesses at a disciplinary hearing, (2) was denied his right to be present at the hearing, (3) lost ninety days of earned good time without due process of law and (4) as a result of his classification, was rendered ineligible to receive statutory good time credits while being so designated. Following a hearing, the court found that the petitioner was provided with advance notice of his hearing, a prison advocate to represent him and an opportunity to call witnesses. He was present at the hearing and was removed due to his own conduct. The court concluded that the petitioner was provided with all of the due process requirements and, therefore, was not entitled to the relief that he sought. Accordingly, the court denied the petition for a writ of habeas corpus and subsequently denied certification to appeal.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

After considering the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the habeas court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. See id.; *Johnson* v. *Commissioner of Correction*, 58 Conn. App. 729, 731, 754 A.2d 849, cert. denied, 254 Conn. 928, 761 A.2d 753 (2000); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.