******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

DOUGLAS JAYNES v. COMMISSIONER
OF CORRECTION
(AC 44620)

Elgo, Suarez and DiPentima, Js.

*Syllabus*

The petitioner, who had been convicted of the crime of murder, sought a
writ of habeas corpus. The petitioner had previously filed numerous
habeas petitions that were either withdrawn or dismissed. The respon-
dent Commissioner of Correction filed a motion pursuant to statute
(§ 52-470 (d)) for an order to show cause as to why the petitioner's
habeas petition should not be dismissed as a result of undue delay. The
petitioner did not dispute that the petition was untimely filed but claimed
that he suffered from a mental illness that impaired his ability to file a
habeas petition in a timely manner. The habeas court dismissed the
petition for the petitioner's failure to demonstrate good cause to over-
come the statutory presumption of unreasonable delay. On the petition-
er's certified appeal to this court, *held*:

1. This court declined to reach the merits of the petitioner's claim that the
   habeas court erred in dismissing his petition because it included a claim
   of actual innocence, which, pursuant to § 52-470 (f), cannot be dismissed
   for failure to meet the statutory deadline of § 52-470 (d), that claim
   having been asserted for the first time on appeal: the habeas petition
   did not use the phrase "actual innocence" and, at the show cause hearing,
   because the petitioner did not assert a claim of actual innocence, the
   court did not address it, instead, addressing the reason for the delay
   on which the petitioner expressly relied, namely, claims of mental illness;
   accordingly, the petitioner's claim plainly reflected a strategic shift by
   him to raise a new argument on appeal, and it would amount to nothing
   more than an ambuscade of the habeas court for this court to consider
   a newly raised argument that was neither raised by the petitioner nor
   considered by that court at the time that the petitioner attempted to
   demonstrate that the petition should not be dismissed as untimely.

2. The habeas court did not abuse its discretion by dismissing the habeas
   petition, the petitioner having failed to demonstrate good cause for
   an untimely filing pursuant to § 52-470 (e): the court found that the
   petitioner's testimony explaining his mental illness as the reason for
   the delay consisted of bare assertions that, without more, did not over-
   come the statutory presumption of unreasonable delay, and the record
   contained ample support for the court's conclusions, specifically, that,
   during the show cause hearing, the petitioner stated that his mental
   illness did not prevent from filing prior habeas petitions because he
   received assistance in filing the prior petitions; moreover, the court
   found that the petitioner's testimony, insofar as he testified that his
   mental illness or stress level was the reason for the delay in filing the
   petition, was not credible, and, as a reviewing court, this court must
   defer to the credibility findings of the habeas court based on its firsthand
   observation of a witness' conduct, demeanor, and attitude; furthermore,
   even if the habeas court had found that the petitioner credibly testified
   that he suffered from mental illness, it did not relieve the petitioner of
   his burden of demonstrating that his delay in filing the petition was
   attributable to his mental illness, which the petitioner failed to do.

Argued May 9—officially released November 8, 2022

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland and
tried to the court, *Oliver, J.*; judgment dismissing the
petition, from which the petitioner, on the granting of
certification, appealed to this court. *Affirmed.*

*James E. Mortimer*, assigned counsel, for the appel-

lant (petitioner).

*Brett R. Aiello*, deputy assistant state's attorney, with whom, on the brief, were *Patrick J. Griffin*, state's attorney, and *Craig Nowak*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SUAREZ, J. The petitioner, Douglas Jaynes, appeals, following the granting of his petition for certification, from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims that the habeas court erred in dismissing the petition pursuant to General Statutes § 52-470 (e) because (1) it includes an allegation of actual innocence which, pursuant to § 52-470 (f), cannot be dismissed for failure to meet the statutory time limit codified in § 52-470 (d), and (2) he demonstrated good cause for the untimely filing of his petition under § 52-470 (d).[1] We affirm the judgment of the habeas court.

The following facts and procedural history, as found by the habeas court or otherwise undisputed in the record, are relevant to the present appeal. On July 6, 1992, the petitioner was convicted, after a jury trial, of murder in violation of General Statutes § 53a-54a (a)[2] and sentenced to fifty-five years of incarceration. This court affirmed the petitioner's conviction on his direct appeal. *State* v. *Jaynes*, 36 Conn. App. 417, 432, 650 A.2d 1261 (1994), cert. denied, 233 Conn. 908, 658 A.2d 980 (1995).

Thereafter, the petitioner filed his first habeas petition, which was denied. Subsequently, the petitioner's uncertified appeal to this court was dismissed, and our Supreme Court denied the petitioner's petition for certification to appeal from this court's dismissal. *Jaynes* v. *Commissioner of Correction*, 61 Conn. App. 404, 406, 764 A.2d 215, cert. denied, 255 Conn. 945, 769 A.2d 58 (2001). The parties agree that the petitioner filed numerous additional habeas petitions that were either withdrawn or dismissed. On August 7, 2019, as a self-represented party, the petitioner filed the habeas petition at issue in this appeal.

On September 28, 2020, the respondent, the Commissioner of Correction, filed a motion pursuant to § 52-470 (d) for an order to show cause as to why the petitioner's habeas petition should not be dismissed as a result of undue delay. Specifically, the respondent asserts that, pursuant to § 52-470 (d), the petitioner had until October 1, 2014, to file a habeas petition subsequent to a judgment rendered on a prior petition challenging the same conviction, and, therefore, the habeas petition had to be dismissed unless the petitioner could demonstrate good cause for the delay. On October 22, 2020, the habeas court, *Oliver, J.*, granted the motion for a show cause hearing. On February 4, 2021, the habeas court held a hearing on the respondent's motion. At the hearing, the petitioner did not dispute that his habeas petition was untimely. Instead, he sought to show that there was good cause for the delay in filing the petition because he suffered from a mental illness that impaired his ability to file a habeas petition in a timely manner.

At the hearing, the petitioner testified that he had been diagnosed as "paranoid schizophrenic" and had been prescribed antidepressants. He claimed that his mental illness left him "very confused and mixed up about a lot of things . . . ." On cross-examination, however, the petitioner admitted that his mental illness did not prevent him from filing habeas petitions. Rather, he claimed that his mental illness was "[s]ometimes" the reason for withdrawing his prior petitions, but other times it was due to his frustration with the legal system.

Following the hearing, in a memorandum of decision, the habeas court dismissed the habeas petition for the petitioner's failure to demonstrate good cause to overcome the statutory presumption of unreasonable delay as established in § 52-470 (d) and (e). The habeas court specifically stated that it took judicial notice of the previous habeas filings and their dispositions, considered the evidence adduced at trial, and applied the factors set forth in *Kelsey* v. *Commissioner of Correction*, 202 Conn. App. 21, 34–35, 244 A.3d 171 (2020), aff'd, 343 Conn. 424, 274 A.3d 85 (2022). The habeas court found that the testimony of the petitioner was not credible. Additionally, the habeas court found that the petitioner's testimony regarding his mental illness "consisted of bare assertions." Ultimately, the habeas court found that the petitioner's "assertions, without more, rendered the petitioner's evidence too loose and equivocal to overcome the aforementioned statutory presumption." Thereafter, the petitioner sought certification to appeal, which the habeas court granted. This appeal followed. Additional facts will be set forth as necessary.

I

The petitioner asserts, for the first time on appeal, that the habeas court erred in dismissing his habeas petition because it includes a claim of actual innocence, which, pursuant to § 52-470 (f), cannot be dismissed for failure to meet the statutory deadline of § 52-470 (d). In response, the respondent avers that "the petitioner never asserted a claim of actual innocence in his petition nor did he do so at the 'show cause' hearing." Therefore, according to the respondent, "the habeas court could not have abused its discretion with respect to a claim that the petitioner never raised below." We agree with the respondent.

Our review of the habeas petition reveals, and the petitioner does not appear to dispute, that in the petition filed by the petitioner as a self-represented party, he did not use the phrase "actual innocence." In the space provided for question five on the state supplied form for bringing the habeas petition, which was utilized by the petitioner in this case, the petitioner was asked to set forth the reason why his conviction was illegal. The petitioner wrote that "the arrest was unsupervised by [the police]," he had an impaired mental state at the

time of trial, and he "was never given the chance at [his] probable cause hearing to do questioning."[3]

The petitioner argues that it was unnecessary for him to have used the phrase "actual innocence" in his habeas petition, and that the habeas court should have recognized a claim of actual innocence based on statements in the habeas petition such as "I did not murder the male" and "life is priceless." The petitioner further alleged that he did not own the clothes a witness claimed the assailant was wearing, and that he was "in a[n] after-hours place drinking around the time of the incident." The petitioner asserts that it is well established that courts should not interpret habeas petitions in a hypertechnical manner but should, instead, construe pleadings broadly, and that "Connecticut courts [are] to be solicitous of [self-represented] litigants . . . when it does not interfere with the rights of other parties." (Internal quotation marks omitted.)

The respondent argues that the present claim is unreviewable because it was raised for the first time on appeal and, therefore, the habeas court could not have abused its discretion. In the alternative, the respondent argues that, even if the petitioner relied on the existence of an actual innocence claim at the show cause hearing, the habeas petition does not contain such a claim. The petitioner does not address the respondent's arguments with any authority, nor are we aware of any, that abrogates his obligation to preserve this claim for appellate review by distinctly raising it before the habeas court.

We carefully have reviewed the transcripts of the show cause hearing. At the hearing, the petitioner, then represented by counsel, did not argue that the habeas petition should not be dismissed because it included a claim of actual innocence. Because the petitioner did not assert an actual innocence claim at the show cause hearing, the court did not address it. Instead, in its order, the court addressed the reason for the delay on which the petitioner expressly relied, namely, his mental illness.

"Our law is well settled that a party may not try its case on one theory and appeal on another. . . . Arguments asserted in support of a claim for the first time on appeal are not preserved. . . . Our Supreme Court has stated that shift[s] in arguments [on appeal are] troubling because, as [the court] previously ha[s] noted, to review . . . claim[s] . . . articulated for the first time on appeal and not [raised] before the trial court, would [be nothing more than] a trial by ambuscade of the trial judge." (Citations omitted; internal quotation marks omitted.) *Bharrat* v. *Commissioner of Correction*, 167 Conn. App. 158, 181–82, 143 A.3d 1106, cert. denied, 323 Conn. 924, 149 A.3d 982 (2016); see also *Bligh* v. *Travelers Home & Marine Ins. Co.*, 154 Conn. App. 564, 577, 109 A.3d 481 (2015) ("[o]rdinarily appellate review is not available to a party who follows one

strategic path at trial and another on appeal, when the original strategy does not produce the desired result" (internal quotation marks omitted)).

We are persuaded that the petitioner's claim, which relies on an allegation of actual innocence, plainly reflects a strategic shift by the petitioner to raise a new argument on appeal. It would amount to nothing more than an ambuscade of the habeas court for us to consider this newly raised argument that was neither raised by the petitioner nor considered by the court at the time that the petitioner attempted to demonstrate that the petition should not be dismissed as untimely. Accordingly, we decline to reach the merits of this claim.

II

The petitioner next claims that the habeas court erred in dismissing the habeas petition because he demonstrated good cause for the untimely filing of his petition under § 52-470 (e). We are not persuaded.

The petitioner argues that, at the show cause hearing, he presented sufficient evidence with respect to his mental illness to establish good cause for the delay under the four factors set forth in *Kelsey* v. *Commissioner of Correction*, supra, 202 Conn. App. 34–35.[4] Consistent with *Kelsey*'s analytical approach, the petitioner argues: (1) his "mental health is outside of his control, which causes him confusion [and] stress and that his illness is severe," and he lacked "control over his mental health medication regime"; (2) the record is bare as to whether he or his counsel was the reason for the untimely filing; (3) there was evidence of which the habeas court took judicial notice, such as a decades old diagnosis of mental illness, that supports a finding that his mental illness was the cause of the delay; and (4) although the habeas petition was filed almost five years after the deadline, he has filed and withdrawn numerous habeas petitions during that time period. The petitioner argues further that the habeas court's dismissal of the habeas petition he filed as a self-represented party is contrary to what he characterizes as Connecticut's "historic efforts to preserve the Great Writ."

Additionally, the petitioner contends that the habeas court abused its discretion because, he claims, "[his] . . . significant mental health issues cannot reasonably be disputed." In support of his claim that his mental illness constitutes good cause for the delay in filing the petition, the petitioner asserts that the entirety of his first habeas proceeding was related to his trial attorney's alleged failure to investigate issues related to his mental illness, and he points to his "sprawling and at times rambling [self-represented] petition" in the present case.

The respondent argues that the habeas court did not

abuse its discretion in finding a lack of good cause for the delay in filing the habeas petition. The crux of the respondent's argument is that the habeas court found the petitioner's testimony at the show cause hearing, that his mental illness was the cause of delay, not to be credible. This finding of fact, the respondent asserts, cannot be disturbed by this court. Therefore, the respondent argues that, on the basis of this finding, it was reasonable for the habeas court to conclude that there was no good cause for the delay.

We begin by setting forth the applicable standard of review and legal principles that guide our resolution of this claim. "[A] habeas court's determination regarding good cause under § 52-470 (e) is reviewed on appeal only for abuse of discretion. Thus, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling[s] . . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court . . . reasonably [could have] conclude[d] as it did." (Internal quotations marks omitted.) *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 440, 274 A.3d 85 (2022).

"[T]o rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something outside of the control of the petitioner or habeas counsel caused or contributed to the delay. . . . [I]n evaluating whether a petitioner has established good cause to overcome the rebuttable presumption of unreasonable delay in filing a late petition under § 52-470, the habeas court does not make a strictly legal determination. Nor is the court simply finding facts. Rather, it is deciding, after weighing a variety of subordinate facts and legal arguments, whether a party has met a statutorily prescribed evidentiary threshold necessary to allow an untimely filed petition to proceed. This process is a classic exercise of discretionary authority, and, as such, we will overturn a habeas court's determination regarding good cause under § 52-470 only if it has abused the considerable discretion afforded to it under the statute.

"In reviewing a claim of abuse of discretion, we have stated that [d]iscretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to serve and not to impede or defeat the ends of substantial justice. . . . In general, abuse of discretion exists when a court could have chosen different alternatives but has decided the matter so arbitrarily as to vitiate logic, or has decided it based on improper or irrelevant factors. . . . [Reversal is required only] [i]n those cases in which an abuse of discretion is manifest or where injustice appears to have been done . . . . [A] habeas court's determination of whether a petitioner has satisfied the good cause standard in a particular case requires a weighing of the various facts and circumstances offered to justify the delay, including an evalua-

tion of the credibility of any witness testimony. . . .

"It is well settled that this court does not disturb the factual findings of the habeas court unless they are clearly erroneous. . . . [T]o the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . [A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; emphasis omitted; footnote omitted; internal quotation marks omitted.) *Ortiz* v. *Commissioner of Correction*, 211 Conn. App. 378, 384–87, 272 A.3d 692, cert. denied, 343 Conn. 927, 281 A.3d 1186 (2022).

Bearing in mind our standard of review, we now examine the decision of the habeas court. The habeas court concluded that the petitioner "failed to demonstrate good cause to overcome the statutory presumption of unreasonable delay . . . ." Specifically, the habeas court noted that it did not find the petitioner's testimony regarding his reasons for the delay to be credible. Furthermore, the habeas court found that the petitioner's testimony explaining his mental illness as the reason for the delay consisted of bare assertions that, without more, did not overcome the statutory presumption.

The record contains ample support for the habeas court's conclusions. During his direct examination at the show cause hearing, the petitioner testified that the underlying petition was untimely because he was "going through a whole lot of different issues . . . mentally wise and physically." The petitioner testified that he was experiencing "stress" from being incarcerated. He also testified that he was experiencing "pain and suffering . . . from what happened to [him] in 2017."[5] He testified that he was diagnosed with paranoid schizophrenia and that he was taking medication. He testified that he had been experiencing mental difficulties, including "racing thoughts, delusions, hearing voices," but that these issues had resolved when he received treatment beginning one month prior to the show cause hearing.

As the respondent points out, during the show cause hearing the petitioner stated that his alleged mental illness did not always explain his litigation history with respect to filing habeas petitions. For example, during his cross-examination by the respondent's counsel, the petitioner testified that his mental illness did not prevent him from filing prior habeas petitions because he received assistance in filing the prior petitions and did not do it by himself. The petitioner testified, "I'm still able to do it, but not without help."

During his redirect examination, the petitioner's counsel asked him whether his "mental health" was the cause of his withdrawal of prior petitions. The petitioner testified: "Sometimes. Sometimes. Not all of the time. Sometimes I get so frustrated, the legal system, and all I've been through that it's best for me to fall back rather than just, you know, just totally just give up, you see. . . . [I]t's just that sometime you got to fall back. You have to fall back, you know. You have to . . . fall back the stress . . . especially the stress level. The stress level is not good. I just talked to the doctor about that the other day."

The habeas court found that the petitioner's testimony, insofar as he testified that his mental illness, or stress level, was the reason for the delay in filing the petition, was not credible. As a reviewing court, we must defer to the credibility findings of the habeas court based on its firsthand observation of a witness' conduct, demeanor, and attitude. See *David P.* v. *Commissioner of Correction*, 167 Conn. App. 455, 470, 143 A.3d 1158, cert. denied, 323 Conn. 921, 150 A.3d 1150 (2016). The court's unassailable assessment of the petitioner's uncorroborated testimony concerning the reason for his late filing supported its finding that the petitioner had not proven good cause for the delay. The petitioner has failed to demonstrate that the finding was not supported by the evidence or that, when considering the evidence as a whole, that a mistake has been committed.

To the extent that the petitioner argues that his mental illness cannot reasonably be disputed, we observe that the court, in its decision, states that his "assertions, without more, rendered [his] evidence too loose and equivocal to overcome the . . . statutory presumption" of unreasonable delay. Even if the habeas court had found that the petitioner credibly testified that he suffered from mental illness, it did not relieve the petitioner of his burden of demonstrating that his delay in filing was attributable to his mental illness. See *Ortiz* v. *Commissioner of Correction*, supra, 211 Conn. App. 388.

The petitioner did not provide the court with credible evidence sufficiently linking the claimed mental illness to the late filing. The petitioner's reliance on his uncorroborated testimony, which was found not to be credible, is unavailing. Because the record contains ample support for the habeas court's conclusion, the habeas court did not abuse its discretion in finding that the petitioner did not establish good cause sufficient to overcome the statutory presumption of unreasonable delay.

We therefore conclude the habeas court did not err by dismissing the petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law.

"(e) In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section.

"(f) Subsections (b) to (e), inclusive, of this section shall not apply to (1) a claim asserting actual innocence, (2) a petition filed to challenge the conditions of confinement, or (3) a petition filed to challenge a conviction for a capital felony for which a sentence of death is imposed under section 53a-46a. . . ."

[2] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[3] The petitioner attached to the completed state supplied form twenty-eight handwritten pages that we have also considered as part of the petition for a writ of habeas corpus. Because we do not reach the merits of the petitioner's claim that the petition, in substance, set forth a claim of actual innocence, it is unnecessary for us to describe these pages in detail.

[4] In *Kelsey*, this court identified the following nonexhaustive list of factors to aid in determining whether a petitioner has satisfied the issue of good cause: "(1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition." *Kelsey* v. *Commissioner of Correction*, supra, 202 Conn. App. 34–35. In *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 441–42, our Supreme Court adopted these factors and, after a consideration of relevant legislative history, added that, "although . . . the legislature certainly contemplated a petitioner's lack of knowledge of a change in the law as potentially sufficient to establish good cause for an untimely filing, the legislature did not intend for a petitioner's lack of knowledge of the law, standing alone, to establish that a petitioner has met his evidentiary burden of establishing good cause. As with any excuse for a delay in filing, the ultimate determination is subject to the same factors previously discussed, relevant to the petitioner's lack of knowledge: whether external forces outside the control of the petitioner had any bearing on his lack of knowledge, and whether and to what extent the petitioner or his counsel bears any personal responsibility for that lack of knowledge." (Footnote omitted.) Id., 444–45.

[5] The petitioner did not articulate further what occurred to him in 2017.